**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Jeremy M. Marple,
Petitioner Below, Petitioner

**v.)  No. 24-104** (Harrison County CC-17-2022-C-167)

Shawn Straughn, Superintendent,
Northern Correctional Facility,
Respondent Below, Respondent

## MEMORANDUM DECISION

The petitioner, Jeremy M. Marple, appeals the January 16, 2024, order of the Circuit Court of Harrison County denying his amended petition for a post-conviction writ of habeas corpus.[1] The petitioner asserts that the circuit court erred in denying his petition because he had proven by a preponderance of the evidence that his guilty plea directly resulted from his being denied his right to have the effective assistance of defense counsel in the underlying felony plea proceedings. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In October of 2015, the petitioner entered into a plea agreement whereby he pleaded guilty to one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust as charged in the second count of the indictment, with the remaining seventeen counts being dismissed. On February 5, 2016, the circuit court sentenced the petitioner to an indeterminate term of not less than ten and no more than twenty years of imprisonment. The sentence was to run consecutive to a sentence that the petitioner was already serving in Harrison County Circuit Court Case No. 12-F-194-1. The petitioner was advised of a lifetime sex offender registration requirement and that he was required to serve a period of forty years of supervised release upon the expiration of his term of imprisonment or upon his discharge from parole, whichever should occur later. The petitioner appealed his conviction on March 18, 2016, which this Court affirmed by memorandum decision. *See State v. Jeremy M. Marple*, No. 16-0247, 2017 WL 2229976 (W. Va. May 22, 2017) (memorandum decision).

---

[1] The petitioner is represented by counsel David Mirhoseini, and the respondent appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

On September 6, 2022, the petitioner filed his self-represented petition for a writ of habeas corpus in which he asserted that he did not understand the consequences of his guilty plea because of a lack of communication by his counsel and, as a result, he was denied the effective assistance of counsel. On March 7, 2023, the petitioner, by counsel, filed an amended petition for post-conviction habeas corpus relief. On August 9, 2023, the court held an omnibus hearing where the petitioner was the only witness. The circuit court engaged the petitioner in a colloquy regarding his Checklist of Grounds for Post-Conviction Habeas Corpus Relief filed on March 7, 2023, and each of the fifty-four enumerated grounds set forth therein. The petitioner testified that he believed that if he raised any issue during the plea or sentencing hearing, he "would get a 200-year sentence." He testified that his attorney had a discussion with him about whether he was a parent, guardian, custodian, or person in a position of trust, but the petitioner "disagreed wholeheartedly" that he qualified as such. Further, he stated that he was "led to believe [he] would do no more than ten years total for this crime when [he] took the plea, and the time [he] received would [run] concurrent with the time [he] was doing on probation for . . . a one to ten burglary charge. . . ." The petitioner agreed that his trial counsel explained to him that if he was convicted of all eighteen counts of the indictment, and they were to run consecutively, he would have been looking at about 210 years in prison.

The circuit court found that the petitioner failed to provide adequate factual support for most of the grounds asserted in his petition; however, the court analyzed the ground of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).[2] The circuit court found that the appropriate application of the first prong of the *Strickland/Miller* test requires an examination of whether or not "(1) counsel did act incompetently; (2) the incompetency [related] to a matter which would have substantially affected the fact-finding process if the case had proceeded to trial; [and] (3) the guilty plea [was] motivated by this error." Syl. Pt. 4, in part, *State ex. rel. Levitt v. Bordenkircher*, 176 W. Va. 162, 342 S.E.2d 127 (1986). The circuit court found that the advice provided by the petitioner's trial counsel was in accordance with case law, meaning it was not ineffective. Further, the circuit court pointed out that the petitioner's trial counsel was able to negotiate a plea agreement where he plead guilty to one felony and, in exchange, seventeen felony charges were dismissed.

In applying the second prong of the *Strickland/Miller* test, the circuit court found that the proper focus is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *See State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 18, 528 S.E.2d 207, 214 (1999) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Thus, a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Miller*, 194 W. Va. at 6, 459 S.E.2d at 117, Syl. Pt. 5 (citing *Strickland*, 466 U.S. 668).

---

[2] In order to determine ineffective assistance of counsel, the court must determine that "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

The circuit court found that the petitioner signed the plea agreement in open court, that the court explained it to him, and that, even after that, the Petitioner wanted to move forward with his guilty plea. Accordingly, the court concluded that the petitioner failed to meet either prong of the *Strickland/Miller* test. The circuit court found no meritorious grounds for relief and denied the petitioner's amended petition for habeas corpus relief. We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court thoroughly considered and addressed each of the petitioner's claims. Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Accordingly, we find that the circuit court did not abuse its discretion in denying the petitioner habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 28, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan